## THE NISHMAHA.

### (District Court, D. Oregon. February 9, 1920.)

### No. A–8561.

SHIPPING ☞3½, New, vol. 8A Key-No. Series—VESSEL CHARTERED BY SHIP-PING BOARD FOR MERCANTILE PURPOSES SUBJECT TO ARREST.

Under the provision of Shipping Board Act, § 9 (Comp. St. § 8146e), that vessels purchased, chartered, or leased from the board "while employed solely as merchant vessels shall be subject to all laws, regulations, and liabilities governing merchant vessels," the character of the business in which such a vessel is employed, and not the ownership of her cargo, is the controlling fact, and a vessel chartered by the board for general mercantile purposes is subject to arrest in a suit for collision, although at the time she happened to be carrying a cargo for the Food Administration Corporation.

In Admiralty. Suit for collision by the Columbia River Packers' Association against the steamship Nishmaha. On prayer for warrant of arrest. Granted.

Wood, Montague & Matthiessen, of Portland, Or., for libelant.

Lester W. Humphreys, U. S. Atty., and Hall S. Lusk, Asst. U. S. Atty., both of Portland, Or., for claimant.

BEAN, District Judge. The Nishmaha, a steam vessel belonging to the United States Emergency Fleet Corporation, while being operated by the Pacific Steamship Company, and bound for the port of New York with a cargo of flour belonging to the United States Food Grain Corporation, negligently and carelessly, it is alleged, collided with and damaged the Reuse, a vessel belonging to the Columbia River Packers' Association in the port of Astoria. The owner of the Reuse

thereafter filed a libel in this court and prayed for a warrant of arrest against the Nishmaha.

The United States attorney appeared specially and suggested to the court that that Nishmaha is a government vessel and exempt from arrest. I have no doubt this position would be sound, except for the provision of section 9 of the Shipping Board Act (39 Stat. 728–730 [Comp. St. § 8146e]), which declares in effect that vessels purchased, chartered, or leased from the Shipping Board, while employed solely as merchant vessels, shall be subject to all laws, regulations, and liabilities governing merchant vessels, whether the United States be interested thereafter as owner in whole or in part, or hold any mortgage, lien, or interest therein.

The contract or agreement under which the Nishmaha was being operated at the time of the collision was a charter within the meaning of the law (The Lake Monroe, decided by the Supreme Court of the United States in June, 1919, and reported in 250 U. S. 246, 39 Sup. Ct. 460, 63 L. Ed. 962), and it is frankly so conceded by the government. The case, then, turns on the question whether at the time of the collision she was employed solely as a merchant vessel. That the contract between the Fleet Corporation and the Steamship Company contemplated that the vessel should be used for general commercial purposes is plainly manifest, and in my opinion the fact that at the time of the collision she happened to be carrying a cargo belonging to the Food Administration Corporation, a governmental agency, does not exempt her from the ordinary liability of a merchant vessel. The character of the business in which she was employed, and not the ownership of her cargo, is the controlling fact. See Lake Monroe, supra, and The Florence H. (D. C.) 248 Fed. 1012.